IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| APRIL WOODS, individually and on behalf of all others similarly situated, | ) Case No. 0:22-cv-01870-SAL <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) COMPLAINT <br> ) JURY TRIAL DEMANDED |
| ABSOLUTE TOTAL CARE, INC., A South Carolina incorporation, | ) <br> ) <br> ) |
| Defendant. | ) <br> ) <br> ) |

## CLASS ACTION COMPLAINT

Plaintiff April Woods ("Plaintiff" or "Woods") brings this Class Action Complaint and Demand for Jury Trial against Defendant Absolute Total Care, Inc. ("Defendant" or "Absolute Total Care") to stop the Defendant from violating the Telephone Consumer Protection Act by making pre-recorded telemarketing calls to consumers without consent. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Woods, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### PARTIES

1. Plaintiff April Woods is a resident of Rock Hill, South Carolina.

2. Defendant Absolute Total Care is a corporation headquartered in Columbia, South Carolina. Defendant Absolute Total Care conducts business throughout this District and the US.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant and the venue is proper under 28 U.S.C. § 1391(b) because the Defendant resides in this District.

## INTRODUCTION

5. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. When Congress enacted the TCPA in 1991, it found that Americans were receiving more than 18 million robocalls every day. 105 Stat. 2394 at § 2(3).

7. By 2003, due to more powerful autodialing technology, Americans were receiving more than 100 million robocalls every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

8. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

9. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

10. According to online robocall tracking service "YouMail," 4.4 billion robocalls were placed in March 2022 alone, at a rate of 140.8 million calls per day. www.robocallindex.com (last visited April 4, 2022).

11. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

13. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

14. Defendant Absolute Total Care is a health insurance marketplace which provides health insurance and Medicare options to consumers.[3]

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] *Id.*

15. Defendant Absolute Total Care places telemarketing cold calls to prospective consumers to solicit their health insurance products and/or services to the consumers.

16. Defendant Absolute Total Care places cold calls to consumers, including calls using pre-recorded voice message calls, despite having never obtained the necessary consent required to place the calls.

17. For example, in Plaintiff Woods' case, the Defendants placed multiple pre-recorded voice calls to Plaintiff Woods' cell phone even though Woods never consented to receive such calls from or on behalf of the Defendant.

18. There are multiple complaints posted online about unsolicited telemarketing calls consumers received from or on behalf of Defendant Absolute Total Care, including calls originating from, 866-433-6041, the same phone number as the Defendant used to call the Plaintiff, and including calls using prerecorded voice messages as in the case of Plaintiff Woods, for instance:



- **Terry Pendergist** — 3 reviews — ★☆☆☆☆ 2 years ago
  "The absolute most annoying company. I am not a customer nor would I ever be. They continuously call my cell phone and leave the same message over and over again. Sometimes multiple times in a row. I have asked repeatedly for them to remove my number from their call list. Horrible company. There is an "absolute" reason why they have a terrible rating. If I could I would give them zero stars." 👍 2    [4]

- "It's Absolute Total Care with a pre-recorded message about "your child's" need for a health check or immunizations. Not really threatening or forceful, but I don't have any children who are covered by ATC, so I'm not sure why they keep calling..." [5]

- "Unsolicited call" [6]

---

[4] https://www.google.com/search?q=absolute+total+care&rlz=1C5CHFA_enIN944IN944&oq=absolute+total+care&aqs=chrome..69i57j46i175i199i512j0i512l3j69i60l2j69i61.3061j0j4&sourceid=chrome&ie=UTF-8#lrd=0x88f8a4d4cf0047f3:0xaaebe68d0e439c58,1

[5] https://www.shouldianswer.com/phone-number/8664336041

- "Nuisance call" [7]

- "selling insurance" [8]



- [9]

- [10]

19. Consumers have also posted multiple unsolicited pre-recorded voice messages they received from Defendant Absolute Total Care, also from 866-433-6041 the same phone number, which was used to call Plaintiff Wood's cell phone, for instance: [11]

---

[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] https://callfilter.app/18664336041
[10] https://www.tellows.com/num/8664336041
[11] https://directory.youmail.com/directory/phone/8664336041

-  Hello this is an important message from Absolute Total Care. Join the many people in your community who get the flu shot every year. The flu shot helps to protect you and everyone is you from getting sick as an absolute Total Care member. Flu shot is available at no cost to you. Take the first step now so you don't miss this chance write down when you will go get your flu shot. If you need help finding a doctor or Pharmacy or have any questions about the flu or COVID-19 please call us at 1-866-433-6041 TDD TTY 711. We are here to help.

  

-  Welcome to absolute total care your new Medicaid health plan. We are here to help you get the care you need beginning the first of this month, you will be getting all of your medical and Pharmacy Services through absolute total care look for your welcome packet to arrive in the mail soon it contains your identification cards, you will still have access to the same Medicaid benefits, but with absolute total care you will have access to value added Services like healthy rewards for completing easy healthy behaviors. 24. Seventh's nurse hotline educational programs for expecting mom's and disease case management more benefits more programs and more Services. If you have questions please call us at 866-433-6041.

  

-  This is absolute total care calling with an important message from at Goldman in your household may be due for one or more of the annual screening needed by women to detect certain cancers. If you text earlier, but typical cancer and breast cancer are highly treatable. My mother from screening is the best cancer screening tool available and should be done as often as your Doctor recommends, but likewise cap test should be done as recommended to the test cervical cancer make sure to schedule reply stating screening today. Early detection is the key to along and healthy life for help scheduling an appointment for any questions about this message please be added to our do not call list, please call 1-866-433-6041 extension 644722 T Y users me a call 711.

  

-  Hello this is an important message from Absolute Total Care for Laura Prima numero(?) here at 758 and i(?) ... the many people in your community who get their flu shot every year the flu shot helps protect you and everyone around you can get it as an absolute Total Care member. The flu shot is available at no cost to take the first step now so you don't miss this chance write down when you'll go get your flu shot. If you need help finding a doctor or Pharmacy or have any questions about the flu or COVID-19 please call us at 1-866-433-6041 TDD TTY 711. We are here to help. For any questions about this message to be added to the do not call list please call 1-866-433-6041 TDD TTY 711.

-

- 

20. In response to these calls, Plaintiff Woods files this lawsuit seeking injunctive relief requiring the Defendant to cease from violating the Telephone Consumer Protection Act, as well as an award of statutory damages to the members of the Class and costs.

## PLAINTIFF WOODS' ALLEGATIONS

21. Plaintiff Woods is the subscriber of the cell phone number ending xxx-xxx-2035.

22. In around November or December 2021, Plaintiff started receiving calls to her cell phone from the Defendant using prerecorded voice messages, soliciting Defendant's health insurance products or services to the Plaintiff.

23. On December 8, 2021, at 10:13 AM, Plaintiff received an unsolicited call to her cell phone from the phone number 866-433-6041. Plaintiff answered the call, and a pre-recorded voice message was playing, soliciting health insurance plans from the Defendant. Plaintiff could not speak to a live agent on the call.

24. On calling the phone number 866-433-6041, it is answered by an automated voice message which identifies the Defendant Absolute Total Care.

25. Plaintiff Woods does not have an existing business relationship with Defendant Absolute Total Care, and did not consent to receive pre-recorded voice messages from or on behalf of the Defendant.

26. The unauthorized solicitation telephone calls that Plaintiff received from Defendant have harmed Plaintiff Woods in the form of annoyance, nuisance, and invasion of privacy, occupied her phone line, and disturbed the use and enjoyment of her phone, in addition to the wear and tear on the phone's hardware (including the phone's battery), the consumption of memory on the phone.

27. Seeking redress for these injuries, Plaintiff Woods, on behalf of herself and a Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

28. Plaintiff Woods brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

**Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant Absolute Total Care called (2) on their cellular telephone number (3) using the same or a similar artificial or pre-recorded voice messages used to call Plaintiff.

29. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Woods anticipates the need to amend the Class definition following appropriate discovery.

30.     **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class.

31.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a)     Whether Defendant made calls using a prerecorded voice message;

(b)     whether Defendant made these calls without consent;

(c)     whether the calls violate the TCPA;

(d)     whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

32.     **Adequate Representation**: Plaintiff Woods will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Woods has no interests antagonistic to those of the Class, and the Defendant has no defenses unique to Plaintiff. Plaintiff Woods and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Woods nor her counsel have any interest adverse to the Class.

33.     **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief

appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff Woods. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## COUNT I
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff Woods and the Pre-recorded No Consent Class)

34. Plaintiff Woods repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

35. Defendant Absolute Total Care and/or its agents transmitted unwanted telephone calls to Plaintiff Woods and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

36. These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff Woods and the other members of the Pre-recorded No Consent Class.

37. The Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff Woods and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing her attorneys as Class Counsel;

b) An award of damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Woods requests a jury trial.

**APRIL WOODS**, individually and on behalf of all others similarly situated,

DATED this 13th day of June, 2022.

/s/ V. Elizabeth Wright
Fed. ID Number 10699
V. Elizabeth Wright Law Firm, LLC
217 E. Park Avenue
Greenville, SC  29601
Telephone:  (864) 326-5281
Fax: (864) 233-4567
Email: bethwrightattorney@gmail.com

*Attorneys for Plaintiff and the putative Class*